IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LEE ANTHONY JOHNSON, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-18-2437 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| *Respondent*. | § | |

## ORDER OF DISMISSAL

Petitioner, a state inmate proceeding *pro se*, filed a section 2254 petition challenging the execution of his sentence. After reviewing the pleadings under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that this case must be dismissed for failure to exhaust.

Petitioner was convicted of aggravated rape in 1979 and sentenced to life imprisonment. Petitioner states that he was denied parole, and that his reconsideration for parole was "set off" for five years. He filed an application for state habeas relief on March 6, 2017, challenging these parole decisions. On June 28, 2018, the trial court recommended denial of relief and forwarded the application to the Texas Court of Criminal Appeals.

Public records for the Texas Court of Criminal Appeals show that petitioner's application for state habeas relief has not yet been docketed or resolved by that court. A petitioner must fully exhaust state court remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b). To exhaust in accordance with section 2254, a petitioner must fairly

present the factual and legal basis of his claims to the highest available state court for review prior to raising it in federal court. *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993). The exhaustion requirement is satisfied in Texas when the substance of the federal claim is fairly presented to the Texas Court of Criminal Appeals on direct appeal or in state post-conviction proceedings. *Fisher v. State of Texas*, 169 F.3d 295, 302 (5th Cir. 1999). Exceptions exist only where there is an absence of available state corrective process or circumstances exist that render the available process ineffective. *See* 28 U.S.C. § 2254(b)(1)(B). Petitioner does not show that state habeas process is unavailable, nor does he show circumstances that render the available process ineffective. Consequently, his federal habeas claims are unexhausted and must be dismissed at this time.

Petitioner's motion to stay this federal petition pending disposition of his claims in state court (Docket Entry No. 2) is DENIED. No meritorious grounds are shown for staying this proceeding in lieu of dismissing for failure to exhaust.

The petition for habeas relief is DISMISSED WITHOUT PREJUDICE for failure to exhaust. A certificate of appealability is DENIED.

Signed at Houston, Texas, on July 17, 2018.

Gray H. Miller
United States District Judge